UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY MARSHALL,

      Plaintiff, Pro Se,

  v.

CITY OF NEW YORK, ET AL,

      Defendants, Indv. Capacities.

_____/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ____8/29/13____

CIVIL ACTION NO.
12:CV7128 (DLC)(RLE)

## SECOND AMENDED COMPLAINT
### (Jury Trial Demanded)

**Parties:**

1. Plaintiff, Kerry L. Marshall, (hereafter "The Plaintiff"), is an American Citizen of African American descent.  Location: FCI Loretto, P.O. Box 1000, Loretto, PA 15940.

2. Defendant, City of New York, (hereafter "NYC"), is a municipality within the State of New York.  Location/Corporate Counsel: Law Department (For City of New York) 100 Church Street, New York, New York 10007.

3. Defendant, Sarah Vaughn #12799, (hereafter "Ofc. Vaughn"), is a sworn police officer of the New York City Police Department. Location: 1st Precinct, 16 Ericsson Place, New York, N.Y. 10013.

4.Defendant, Yvonne Roman, a/k/a Ivonne Roman, (hereafter "Ms. Roman"), is a Case Manager and servant of the New York City Comptroller.  Loc: 1 Centre Street, New York, New York 10007.

5. Defendant, Lt. Gregory Lane (hereafter "Lt. Lane"), is a sworn police officer of the New York City Police Department and Property Clerk at the Red Hook Automobile Pound at Brooklyn, New York.  Location: Erie Basin Auto Pound, 700 Columbia Street, Brooklyn, N.Y. 11231.

6. Defendant, Sergeant Patricia Mance (hereafter "Sgt. Mance"), is a sworn police officer of the New York Police City Department and Property Clerk at the Queens Property Office, 47-07 Pearson Place, Long Island City, N.Y. 11101.

## Jurisdiction

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, (Fed. Question Act of 1980, Stat. 2369), 42 U.S.C. §§ 1983 and the United States Constitution.  Retain Supplemental jurisdiction over state law tort claims.

## Nature of The Case

8. On or about April 20, 2011, the Plaintiff, while exiting his parked vehicle, (LEXIS IS 300) on 125th Street and the corner of Fifth Avenue, Harlem, New York, at 6:30 - 7:00 pm, EST, was stopped and questioned by NYC Police Officer Vaughn, who approached him on foot.  No police vehicle was present or in sight in any direction.

9. Officer Vaughn asked the Plaintiff, "you're parked here?" Then stated that the Plaintiff had tinted glass over his license plate.

10. That Plaintiff retorted that he'd remove the tinted glass "if it were a problem."  Nonetheless, Officer Vaughn, demanded

the Plaintiff produce his (drivers) license, (car) registration and insurance.

11. Officer Vaughn quickly grew impatient with Plaintiffs efforts to locate these documents after having taken possession of Plaintiff's valid New York drivers license.  Further, she demanded the Plaintiff produce his car title.

12. As a direct and proximate cause of Plaintiff's failure to produce these documents quickly enough or within 7 or more minutes, he was handcuffed by Officer Vaughn, placed under arrest and transported to the 28th Precinct (Harlem) and imprisoned there.

13. Within approximately five or ten minutes of Plaintiff's imprisonment he directed Officer Vaughn in further search of his impounded car, which led to location of his registration, insurance and ownership papers.

14. Upon information and belief that the Plaintiff proved to the satisfaction of Officer Vaughn that he was the owner of the car.  Nonetheless, the Plaintiff remained imprisoned for upwards of 5 hours or more, or until, as he was told, "the next shift came in."  Notably, Plaintiff's car had not been reported stolen.

15. The Plaintiff took notice that Officer Vaughn had caused his car to be stripped of any and all items within the interior of the car and trunk not considered ("OE equipment") original equipment.

16. The Plaintiff was neither fingerprinted, processed or charged via complaint regarding the arrest and imprisonment. Rather, issued (3) citations for expired registration, expired

-3-

insurance and license plate obscuring, then released.

17. Officer Vaughn provided the Plaintiff with a property voucher (regarding his car) and instructions for retrieving his car. The Plaintiff took notice that the back side of the property voucher reinforced Officer Vaughn's instructions regarding (120) days to retrieve his car or be faced with civil forfeiture. That he return with a "valid registration, insurance and car title."

18. The Plaintiff returned to the 28th Precinct on June 19, 2011 or (59) days later with a new car registration, valid insurance card and car title, to be given instructions by the police desk attendent, to go to 124th Avenue, College Point, Queens, N.Y., to retrieve his car. This instruction (mind you) took the better part of an hour to be given.

19. The next day, June 20, 2011, the Plaintiff's trip to the alleged Auto Pound at 124th Avenue, was negative, as no Auto Pound was at 124th or the vicinity. Wherefore, the Plaintiff returned to the 28th Precinct for explanation.

20. The Plaintiff received additional inaccurate information regarding the whereabouts of his car upon his return to the 28th Precinct, directing that he should make inquiry with some "Pound" of Avenue U, Brooklyn and thereafter the Bronx. Then check back with the "Department" if nothing turned up.

21. About (3) days later, the Plaintiff contacted the 28th Precinct, to be instructed by a Hispanic (sounding) Female Officer, to go to the NYC Auto Pound at Red Hook, Brooklyn, to retrieve his car.

22. Plaintiff's visit to the NYC Auto Pound at Red Hook,

proved to be quite a shocker, as he was "informed that his car
(transportation) had been sold at auction 10 days after his
arrest by Officer Vaughn in Harlem.  This, despite the fact the
voucher gave him (120) days and the "citations" had not been
resolved.

23. The NYC Auto Pound Police Attendant provided the
Plaintiff with instructions for filing a "Claim" with the NYC
Comptroller for the proceeds or reimbursement for the sale.  The
Plaintiff filed his claim via the NYC Comptroller's website
portal the same day or on or about June 23, 2011.

24. Plaintiff's (2) claims with the NYC Comptroller
referenced his false arrest in Harlem and that his car was
unlawfully auctioned off, despite the voucher given him and
unresolved citations.  (NYC Comptroller Case No. 2011PD023005)
(including No. 2013PI007573)

25. The Plaintiff filed a further complaint about the
"incidents" with the Northern Manhattan District Attorney's
Officer, at 163 W. 125th Street, Manhattan, NY, who instructed
the Plaintiff to re-file the complaint with the Civilian
Complaint Review Board, who provided the Plaintiff a case number,
then stated that they shall forward the complaint to NYC Police
Internal Affairs.  The Plaintiff did not hear back from "Internal
Affairs".

26. The Plaintiff contested the citations and thereafter
appeared at the Traffic Court (125th St., Harlem) on or about
June 28, 2011.  However, he was instructed by the Court to
reappear about August 19, 2011 as Officer Vaughn did not show up
for Court to prosecute the citations.

27. About June 29, 2011, the Plaintiff appeared at the New York City Police Civil Division, filled out a form requesting a "Krimstock Hearing", to be told none would occur, as his car had already been auctioned off.

28. The (3) citations concluded in the Plaintiff's favor.

29. Consequently, the Plaintiff is filing suit to vindicate his federally protected rights. Holding the named defendants severally and individually liable for their misdeeds as they all operate under color of state law or statute and who's actions are indemnified by the City of New York.

**Injuries Incurred**

30. Loss of property, public embarrassment, reputation injury, loss of life and liberty, loss of business and business opportunity, diminished Health, intermittent headaches, pain and suffering, humiliation, mental anguish and substantial attorney fees.

### FIRST CAUSE OF ACTION
Fourth Amendment Violation-Unconstitutional Arrest and Imprisonment
(The Plaintiff realleges Nos. 7-30 as fully set forth herein and says:)

31. Defendant, Ofc. Vaughn, while acting under color of state law or statute and while acting with malice, unconstitutionally arrested the Plaintiff, in violation of his rights under the Fourth Amendment to the U.S. Constitution.

a) She did not have reasonable suspiciion that a crime was afoot or that a traffic violation had occured as she had not observed a traffic violation, nor had Plaintiff's car

-6-

been reported stolen.

b) She did not have legal justification to make the <u>Terry Stop</u>, as tinted glass over a license plate of a parked car called for a simple fine, akin to an expired meter under New York law, not an arrest.

c) She handcuffed the Plaintiff, then transported him to the 28th Precinct and imprisoned him there for the better part of five hours or more against his will.

d) Plaintiff did not consent to go to the 28th Precinct to be imprisoned there.

<u>SECOND CAUSE OF ACTION</u>
Deprivation of Property Without Procedural Due Process

(The Plaintiff realleges Nos. 7-31 as fully set forth herein and says:)

32. Defendant, Ofc. Vaughn took possession of Plaintiff's car in furtherance of an unconstitutional arrest.

a) She acted under color of state law or statute.

b) She did not provide the Plaintiff the minimum procedural protections warranted under the circumstances, such as notice and the opportunity to be heard.

c) Her actions caused the auctioning of Plaintiff's car, without affording him a Krimstock hearing or opportunity to contest continuing retention and auctioning of his car.

d) She did not acquire title to Plaintiff's car via a proper civil forfeiture proceeding.

e) Her actions did not comply with Adm. Code §§ 14-40, as
   Plaintiff's car was not used to commit a crime or in aide
   or furtherance of a crime.

f) Her unconstitutional arrest of the Plaintiff and seizure
   of his car was <u>material</u> in causing the unlawful auctioning
   of Plaintiff's property.

### THIRD CAUSE OF ACTION
#### Deprivation of Property Without Procedural Due Process

(The Plaintiff realleges Nos. 7-32 as fully set forth herein and says:)

33. Defendant Lt. Gregory Lane, as property clerk, gained
possession of Plaintiff's car as a result of its seizure pursuant
to Adm. Code §§ 14-40 by Officer Vaughn.

a) He acted under color of state law or statute.

b) He did not receive notification that the <u>citations</u> against
   the Plaintiff had concluded.

c) He authorized the auctioning of Plaintiff's car
   approximately (10) days after its seizure by Officer
   Vaughn.

d) He did not provide the Plaintiff opportunity to contest
   the auctioning of his car, nor did he receive "Title" to
   the car before it's auctioning.

e) His actions were in violation of Plaintiff's Procedural
   Due Process rights.

### FOURTH CAUSE OF ACTION
#### Deprivation of Property Without Procedural Due Process

(The Plaintiff realleges Nos. 7-32 as fully set forth herein and says:)

34. Defendant, Sgt. Mance, as property clerk, gained possession of Plaintiff's car as a result of its seizure pursuant to Adm. Code §§ 14-40 by Officer Vaughn.

    a) She acted under color of state law or statute.

    b) She did not receive notification that the <u>citations</u> against the Plaintiff had concluded.

    c) She authorized the auctioning of Plaintiff's car approximately (10) days after its seizure by Officer Vaughn.

    d) She did not provide the Plaintiff opportunity to contest the auctioning of his car, nor did he receive "Title" to the car before it's auctioning.

    e) Her actions were in violation of Plaintiff's Procedural Due Process rights.

### FIFTH CAUSE OF ACTION
Fifth Amendment Violation-Unequal Treatment in Execution of "FOIL"

(The Plaintiff realleges Nos. 7-30 as fully set forth herein and says:)

35. Defendant, Yvonne Roman (a/k/a Ivonne Roman) violated Plaintiff's "equal protection rights" when she treated the Plaintiff unequally in relation to others similarly situated, by wilfully and maliciously denying the Plaintiff access to requested files under here control.

-9-

a) She is the Case Manager for the NYC Comptroller with custody and control of case no.# 2011PD02230005, (including no. 2013PI007573).

b) She acted under color of state law or statute.

c) She did not timely or otherwise respond to Plaintiff's New York "Freedom of Information Law" request for a copy of his file in her custody and control.

d) She intentionally treated the Plaintiff differently from others similarly situated and there appears no rational basis for the difference in treatment. See <u>Swierkiewicz v. Sorema</u>, Supra (2002) (only fair notice to defendant required, no need to immediately identify similarly situated)

e) Her actions impeded Plaintiff's prosecution of any timely claim under New York State Law and thereby evinced an impermissible motive and animus aimed at punishing the Plaintiff because he made the "FOIL" request by mail instead of in person.

## SIXTH CAUSE OF ACTION
### Municipal Liability - Monell Claim

(The Plaintiff realleges Nos. 7-35 as fully set forth herein and says:)

36. Defendant, "NYC", through its' agencies, the NYPD <u>and</u> the Comptroller, grossly failed to train and adequtely supervise its police officers in the fundamental law and procedures of Terry Stops, arrest, execution of Adm. Code §§ 14-40, proper civil forfeiture procedures and equal treatment related to "FOIL" requests.

-10-

a) They showed deliberate indifference to Plaintiff's Fourth and Fifth Amendment rights by knowing its sworn officers <u>and</u> case managers acting on behalf of its Comptroller would be confronted with situations involving U.S. Citizens rights under federal and state law or statutes.

b) And given the responsibility, NYC failed to provide its servants with adequate training to affect reasonable execution of its policies or customs as previously demonstrated herein.

c) The deficiencies include: lack of adequate training and supervision related to what constitutes reasonable suspicion of criminal activity, unreasonable detention, proper execution of its property seizure policies and equal handling of New York "FOIL" requests, to name a few. See <u>Krimstock v. Kelly</u>, <u>Constant v. New York</u>, <u>Jones v. Kelly</u>.

d) Thereby, NYC's deficiencies in training and supervision are closely related to Plaintiff's experience in the instant case and his egregious losses and injury. (See <u>Constant v. New York</u>, 2012 U.S. Dist. LEXIS 49683 (E.D.N.Y.) March 16, 2012), for proposition that City of New York City has yet to amend its' Adm. Code to reflect Judge Lasker's Order regarding property seizures and notice to arrestee)  As such, the City cannot adequately train and supervise something they won't fix in Code(s). See <u>Butler v. Castro</u>, 896 F.2d 698 (2d Cir. 1989), <u>Kneitel v. Danchuk</u>, 2007 U.S. Dist. LEXIS 49041 (E.D.N.Y. July 2007) and many others.

e) They have demonstrated a pattern, moreover have a record

of failure to adequately train and supervise its servant police officers and "FOIL" agents in the instant case and others.

## RELIEF REQUESTED

Wherefore, the Plaintiff prays for relief as follows:

a) Compensatory, Appreciable, Future, and General Damages: = $5,000,000.00

b) Punitive Damages: = $5,000,000.00

c) Reasonable Attorney fees and Court costs: TBD

d) Such other relief this Court deems appropriate: TBD

I declare under 28 U.S.C. § 1746 and the laws of the U.S., that the foregoing is true and correct. Executed this 26th day of August, 2013.

The Plaintiff,

Kerry D. Marshall
Reg.#: 17012-014
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

-12-

Certificate of Service

I hereby certify that on this 2$6^{th}$ day of August, 2013, I filed manually with the District Court, a copy of the foregoing "Second Amended Complaint" and served the same via the Court's Electronic Filing System on counsel for the Defendants.  And, served via the U.S. Marshal Service Defendants' Lt. Gregory Lane and Sgt. Patricia Monce.  All parties may access this filing via the District Court's CM/ECF, including:

City of New York
(Law Department)
ACC James F. Horton
100 Church Street
New York, N.Y. 10007

By: Kerry Marshall
    Kerry Marshall

-13-



⇔17012-014⇔
Kerry L Marshall
Box 1000 Federal Correctional Inst
Loretto, PA 15940
United States

Justice FOREVER

Freedom FOREVER

Liberty FOREVER

Legal Mail

⇔17012-014⇔
Pro Se Court Clerk - USDC
500 Pearl ST
NEW YORK, NY 10007
United States

* United States District Court