```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KERRY L. MARSHALL,                       :
                                         :       12cv7128 (DLC)
                 Plaintiff,              :
                                         :       MEMORANDUM OPINION
          -v-                            :           & ORDER
                                         :
CITY OF NEW YORK, IVONNE ROMAN, SARAH    :
VAUGHN, GREGORY LANE, and PATRICIA       :
MANCE,                                   :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On April 14, 2015, pro se plaintiff Kerry L. Marshall ("Marshall") filed a motion pursuant to Fed. R. Civ. P. 60(b) requesting relief from an April 15, 2014 Order dismissing his complaint, Marshall v. City of N.Y., No. 12cv7128 (DLC), 2014 WL 1468890 (S.D.N.Y. Apr. 15, 2014).  On May 6, 2015, the defendants submitted a responsive letter.[1]

As set forth in the Order, on November 1, 2013, the defendants moved to dismiss Marshall's Second Amended Complaint. Id. at *2.  The Order granting the motion issued on April 15, 2014.  Id. at *6.  That same day, a judgment entered, and the

---

[1] The letter is from the Assistant Corporation Counsel who represents defendants City of New York, Ivonne Roman, and Sarah Vaughn-Sam (who was sued as "Sarah Vaughn").  No notice of appearance was entered on behalf of the other two defendants -- Gregory Lane and Patricia Mance -- before the case was closed on April 15, 2014.

case was closed.

Marshall appealed, and on September 17, 2014 the Court of Appeals for the Second Circuit dismissed the appeal under 28 U.S.C. § 1915(e) and Neitzke v. Williams, 490 U.S. 319, 325 (1989), "because it lacks an arguable basis in law or fact." Mandate issued on October 23, 2014.  Nearly six months later, Marshall filed the instant motion.

Under Fed. R. Civ. P. 60(b), "the court may relieve a party . . . from a[n] . . . order" for various reasons.  "Rule 60(b) . . . [is] a mechanism for extraordinary judicial relief," Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted), that "is generally not favored and is properly granted only upon a showing of exceptional circumstances," Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

After mandate has issued on appeal, "a district court may consider a Rule 60(b) motion when later events arise that were not previously considered by the appellate court," but "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." DeWeerth v. Baldinger, 38 F.3d 1266, 1270 (2d Cir. 1994) (citation omitted).  District courts are also precluded from

considering issues that could have been raised on a prior appeal, but were not.  See United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) ("The 'mandate rule' ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court.").

All of the arguments pressed in Marshall's Rule 60(b) motion were or could have been made on appeal.  His motion discusses no "later events" that were not previously considered.  Accordingly, his April 14 motion is denied.

SO ORDERED:

Dated:    New York, New York
          May 20, 2015

                                   _____
                                        DENISE COTE
                                   United States District Judge